| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:15-CR-95(2)
§
GREGORY JEROME ANDERSON, JR. §

**MEMORANDUM AND ORDER**

Pending before the court is Gregory Jerome Anderson, Jr.'s ("Anderson"), *pro se* Motion for Early Termination of Supervised Release (#87). United States Probation and Pretrial Services ("Probation") recommends that the court deny Anderson's motion. The Government also opposes the motion. Having considered the motion, Probation's recommendation, the Government's position, the record, and the applicable law, the court is of the opinion that Anderson's motion should be denied.

I.    Background

On September 2, 2015, a federal grand jury in the Eastern District of Texas returned a four-count Superseding Indictment naming Anderson and one codefendant. The Superseding Indictment charged Anderson in Count One with Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371; in Count Two with Carjacking, in violation of 18 U.S.C. § 2119; and in Count Three with Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Anderson pleaded guilty to Count Three of the Superseding Indictment on September 17, 2015, and the remaining counts were dismissed on the Government's motion. On January 14, 2016, the court sentenced Anderson to fifty-nine months' imprisonment, followed by five years of supervised release. On September 23, 2019, Anderson completed his

term of imprisonment, and commenced his term of supervised release in the Eastern District of Texas.

Anderson's offense of conviction stems from his possession of a firearm in furtherance of a crime of violence, namely, carjacking. Prior to Anderson's arrest, a confidential source ("CS") working with the Drug Enforcement Administration ("DEA") arranged a controlled purchase of crack cocaine from Anderson's codefendant, Demarcus Garrett ("Garrett"). On July 16, 2015, Garrett and the CS agreed to meet to conduct the transaction. Garrett subsequently decided to rob and carjack the CS, rather than complete the sale as planned. He then asked Anderson, a fellow Crips street gang member, for help in furthering his objective. Anderson agreed to secure a firearm as well as pose as a crack cocaine supplier and member of the Bloods street gang.

Later that day, the CS picked Garrett up in a vehicle. Garrett then directed the CS to drive to an apartment complex, where Anderson got into the backseat. The CS gave Garrett $2,000 for the crack cocaine. Feigning a purchase for himself, Garrett then added his own money to the amount before handing it to Anderson. Anderson then gave Garrett a box containing two small bags of a white powdery substance. Though its appearance resembled that of crack cocaine, the powder ultimately tested negative for the substance. Upon completion of the transaction, Anderson placed a firearm to the CS's temple and instructed Garrett to remove the vehicle's keys from the ignition. DEA agents, who were supervising the controlled purchase, terminated the interaction before it could devolve further and arrested Anderson and Garrett.

II.   Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set

forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). Early termination of supervised release is not an entitlement. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018). "To the contrary, it is only 'occasionally' justified." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *accord Melvin*, 978 F.3d at 52.

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011)); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the *conduct of the defendant* did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)) (emphasis in original); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 67014769, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 67014769, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Anderson's post-release conduct does not warrant early termination of his supervised release. Although Anderson has complied with the terms of his supervision, he identifies no new or exceptional circumstances or needs. Additionally, Anderson has a criminal history consisting of five prior convictions, including Aggravated Sexual Assault, Burglary of a Building, Driving While Intoxicated ("DWI"), Theft, and Evading Arrest. He failed

5

to comply with a term of probation imposed for his DWI conviction and it was revoked. Anderson also has a history of poly-substance abuse, including the daily use of marijuana and Xanax as well as the occasional use of Ecstasy and codeine up to the time of his arrest in 2015. Hence, he would likely benefit from continued supervision. Thus, although Anderson appears to be on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. Given the nature of his offense, his criminal history, and his history of substance abuse, early termination would not be in the interest of justice.

III.    Conclusion

Accordingly, Anderson's *pro se* Motion for Early Termination of Supervised Release (#87) is DENIED.

SIGNED at Beaumont, Texas, this 24th day of May, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE